# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## GREENEVILLE

RICHARD LYNN NORTON       )
                                     )
v.                               )NO. 2:05-CV-91
                                     )
VIRGINIA LEWIS, Warden;     )
TENNESSEE DEP'T OF CORRECTION;)
STATE OF TENNESSEE; and     )
TENNESSEE BD. OF PAROLE     )

## MEMORANDUM OPINION

This *pro se* petition for a writ of habeas corpus was filed under 28 U.S.C. § 2254 by a prisoner in the custody of the Tennessee Department of Correction [TDOC]. The petitioner was convicted of drug offenses by a jury in the Greene County Criminal Court in 1999 and sentenced to an effective sentence of thirty-six years, modified, on appeal, to an effective twenty-four year sentence. The petitioner alleges that he is wrongfully confined in violation of the Constitution, raising four grounds for relief.

**Ground one**: In this claim, the petitioner contends that he was eligible for release on parole on March 17, 2005; that he

1

was entitled to have a parole hearing on that date;[1] and that the Tennessee Board of Probation & Parole denied him a hearing, despite the fact that, after serving 30% of his sentence, he had an absolute right to a hearing, under the law in effect at the time he was sentenced. He further contends (inferentially) that his security level—he is held under "close custody" at the South Central Correctional Institution [SCCI]—was a factor in the Board's decision not to afford him a hearing in March of 2005, and that this, too, violates state law and also deprives him of his federal right to due process. Arguing that the Board, by acting as it did, exceeded its authority under state law and that the policy which permits an inmate's security level to be considered in decisions as to early release is void as a matter of law, the petitioner seeks injunctive and declaratory relief.

**Ground two**: In his second claim, he maintains that he gave a urine sample while he was enrolled in a TDOC Substance Abuse Treatment Program; that he refused to sign a consent form for the urine screen; that he was given a

---

[1] Though not altogether clear, the petitioner seems to be alleging that his original release eligibility date was June 22, 2004 and that he had a release eligibility hearing on March 17, 2003, at which time he was denied early release and his next parole hearing was set for March of 2005. (Pet. at 3; Amd. Pet., App. C).

disciplinary write-up for his refusal and, that, subsequently, he was found guilty of the infraction; and that, contrary to TDOC policy, the "summary of the evidence" offered at his disciplinary hearing and the disciplinary report itself were included in his prison record and considered by the Board. The petitioner asserts that the Board was wrong to consider this information because both the write-up and its subsequent placement in his prison record violated a TDOC policy, which deems drug test results of inmates in drug treatment programs to be confidential.  According to the petitioner, the disciplinary write-up also infringed on his constitutional right to due process of law.

**Ground three**:  His third claim is not a free-standing claim: Instead, it is an elaboration of a part of Ground one (i.e., that his "close security" status was used as a factor to deny him a parole hearing).  The petitioner maintains that the Security Threat Coordinator used photographs of his tattoos to confirm that he was a member of the Aryan Nation religion; that, on this basis, he was charged with [and found guilty of] the disciplinary infraction of "participation in a Security Threat Group;"[2] that

---

[2] His disciplinary write-up arose out of a fight between black inmates and inmates affiliated with the Aryan Nation which occurred at the SCCI on November 15, 2004.  (Amd.

3

the charge was fraudulent and impelled by religious discrimination; that, subsequently, he was issued a "close custody" classification; and that, thereafter, he was denied a parole hearing founded, in part, on his security classification. This also runs afoul of his religious right, as secured in the First Amendment. (Amd. Pet. at 5).

**Ground four**: In his last claim, he makes the following assertions. He was wrongfully placed in punitive segregation because he could not give a urine sample in two hours. Moreover, though urine screens are supposed to be random, the urine screens administered in his case were not random and also were not based on reasonable suspicion and, quite possibly, amounted to harassment. TDOC policy dictates that the results of drug tests administered to inmates in drug-treatment programs are not to be placed in their prison records. However, in the petitioner's case, policy was not adhered to and his urinalysis results were placed in his TDOC record and, later, used to increase his security classification and to deprive him of his parole hearing or parole itself.

The petitioner asks that the information regarding the infraction(s) be removed from his TDOC file and placed,

---

Pet., App. G).

4

instead, in his drug-treatment record; that he be reinstated as a participant in the substance abuse program from which he was terminated; that he be restored to his medium security level; and that he be given a parole hearing.

As a precondition to habeas corpus relief, a petitioner must demonstrate that he has exhausted all available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509 (1982). If the law of the state gives a prisoner the right to raise, by any available procedure, his claims, he shall not be deemed to have exhausted his state remedies. 28 U.S.C. § 2254(c). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). The exhaustion principles apply here.

To the extent that the petitioner presents proper grounds for habeas corpus relief in the first place,[3] he offers

---

[3] The petitioner's allegations concerning his disciplinary proceedings are cognizable in a § 2254 petition *only if* his prison infractions caused him to lose earned good-time credits, since this would affect the duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). There is nothing to indicate that the petitioner's prison infractions resulted in the loss of any good-time credits. Moreover, the petitioner has no constitutional right to early release on parole before the expiration of his maximum

nothing to show that he has raised those grounds in the state courts. In Tennessee, a common-law writ of certiorari is a vehicle through which a petitioner may seek a determination as to whether a prison disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Willis v. Tennessee Dept. of Correction*, 113 S.W.3d 706, 712 (Tenn. 2003). Through this procedural vehicle, a petitioner may also seek review of decisions by parole eligibility review boards and other similar tribunals. *Id.*

Therefore, because the petitioner has failed to shoulder his burden of showing exhaustion of state remedies, his § 2254 action will be **DISMISSED** without prejudice for non-exhaustion of state remedies.

A separate order will enter.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

sentence of imprisonment. *Greenholtz v. Inmates of the Neb. Penal Corr. Complex*, 442 U.S. 1, 7 (1979); *Wright v. Trammell*, 810 F.2d 589 (6th Cir. 1987). In the petitioner's case, the full expiration date of his sentences is December 28, 2021. See Amd. Pet., App. C, Tomis Offender Sentence Letter printout.